IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelia Paschal Taylor,<br><br>          Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting<br>Commissioner of Social Security<br>Administration,<br><br>          Defendant.<br>_____ | )<br>)<br>)<br>)<br>)    Civil Action No. 5:16-3508-BHH<br>)<br>)<br>)    **<u>ORDER</u>**<br>)<br>)<br>)<br>) |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Angelia Paschal Taylor's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **<u>BACKGROUND</u>**

Plaintiff filed an application for DIB on August 31, 2012, alleging disability beginning on January 15, 2011, due to the following medical conditions: diabetes, fibromyalgia,

depression, bipolar disorder, degenerative disc disease, and back problems.[1]  Her application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  A hearing was held on April 23, 2015, at which Plaintiff, who was represented by counsel, appeared and testified.  The ALJ also heard testimony from vocational expert ("VE") Robert E. Brabham, Jr. and Plaintiff's mother.  On May 22, 2015, the ALJ issued a decision denying Plaintiff's claim.  Plaintiff requested review, and on September 26, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on October 28, 2016.

Plaintiff was born in 1967 and was 43 years old on her alleged onset date of January 15, 2011.  Plaintiff completed high school and has past relevant work as a child caregiver, special needs caregiver, gas station cashier, restaurant cashier, and sales associate.

## **STANDARDS OF REVIEW**

### I.   **The Magistrate Judge's Report**

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*

---

[1] As the Magistrate Judge noted, Plaintiff also filed an application for supplemental security income ("SSI"), but that application was denied because of Plaintiff's other household income, and Plaintiff did not appeal that decision.

2

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2011, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, obesity, diabetes mellitus, hypertension, shortness of breath, and affective disorders. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet

4

or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) except Plaintiff is limited to: lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking 4 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday with normal breaks; frequent right extremity pushing/pulling; never climbing ladders, ropes, and scaffolds and occasionally climbing ramps or stairs and occasionally crouching, kneeling, or crawling; frequent stopping; frequent bilateral handling and fingering; frequent exposure to environmental irritants such as fumes, odors, dusts, and gases; frequent use of moving machinery and frequent exposure to unprotected heights; and only simple, routine, tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, with few if any work place changes, no interaction with the public, and only occasional interaction with coworkers. The ALJ found that Plaintiff was unable to perform her past relevant work, but that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. Therefore, the ALJ found that Plaintiff was not disabled.

## II. The Court's Review[2]

In this action, Plaintiff asserts that the ALJ erred in the following ways: (1) by failing to properly evaluate the opinion of the consultative examiner, Dr. Thomas J. Motycka, an

---

[2] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

5

orthopedist; (2) by failing to evaluate Plaintiff's obesity pursuant to Social Security Ruling 02-01p; (3) by rejecting the conclusions of Plaintiff's treating psychiatrist and treating orthopedist; (4) by finding Plaintiff not fully credible with respect to her concentration limitations caused by her combined impairments; and (5) by failing to address the testimony of Plaintiff's mother, Levenia Davis.

In her thorough 34-page Report, the Magistrate Judge evaluated all of Plaintiff's claims and found them to be without merit. First, the Magistrate Judge rejected Plaintiff's allegation that the ALJ failed to properly consider Dr. Motycka's opinion. The Magistrate Judge noted that the ALJ gave "some weight" to Dr. Motycka's opinion that Plaintiff can do anything she did in past but did not discuss Dr. Motycka's opinion that Plaintiff's fatigue and tiredness was the result of her being over-medicated. The Magistrate Judge found Plaintiff's argument that the ALJ never evaluated the consistency of Dr. Motycka's opinion with Dr. Boyd's treatment notes concerning Plaintiff's fatigue unavailing, noting that Plaintiff's argument relied on her own cherry-picking of the evidence. In addition, the Magistrate Judge determined that Plaintiff's argument was undermined by her counsel's statements to the ALJ at the hearing requesting that Dr. Motycka's opinion not be considered at all. As the Magistrate Judge remarked: "We now have a situation where Plaintiff's counsel asked the ALJ not to consider an opinion and the Plaintiff now says the ALJ erred because he did not give the opinion enough consideration." (ECF No. 14 at 18.) Ultimately, the Magistrate Judge noted that the ALJ was not required to give Dr. Motycka's opinion controlling weight as he was not Plaintiff's treating physician, and the Magistrate Judge found no error in the ALJ's consideration of Dr. Motycka's opinion.

Next, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to

6

evaluate Plaintiff's obesity pursuant to Social Security Ruling 02-01p. Plaintiff complains that although the ALJ found that she had the severe impairment of obesity, the ALJ offered no further discussion of the impairment's impact on her functional limitations. As the Magistrate Judge noted, however, in her form Disability Reports Plaintiff did not allege obesity as one of her medical conditions that impaired her ability to work. Moreover, at the hearing Plaintiff did not allege that her obesity was disabling, and she testified that her weight gain was the result of taking insulin and other medications. Because Plaintiff offered no evidence to support the existence of any functional limitations based on her obesity, the Magistrate Judge rejected this argument.

Likewise, with respect to Plaintiff's argument that the ALJ erred by failing to properly consider the opinions of Plaintiff's treating psychiatrist and treating orthopedist, the Magistrate Judge found that the ALJ specifically referenced each doctor's status as a treating source and gave specific reasons for discounting the opinions. For example, the ALJ noted that he was discounting these opinions because they were submitted in checkbox form and were inconsistent with the overall evidence and with the doctors' other findings. Because the Magistrate Judge found that the ALJ offered sufficient explanation of his reasons for discounting the treating physicians' opinions, the Magistrate Judge found no error in the ALJ's decision to give these opinions "some" or "little" weight.

Next, the Magistrate Judge rejected Plaintiff's argument that the ALJ erred in assessing Plaintiff's credibility. The Magistrate Judge stated:

> Citing to the medical record the ALJ noted several instances where Plaintiff's allegations were inconsistent with the objective evidence. The ALJ noted that although Plaintiff "complained of back pain worse with sitting and standing, physical examinations show no back curvature, no tenderness of the lumbar spine, full ambulation, and negative straight leg raise [ ]." The

> ALJ also cited to an instance where Plaintiff indicated a high blood pressure reading might be due to "issues with compliance" with prescribed medication. [ ] The ALJ noted that Plaintiff's diabetes was considered under fair control with medication, and despite her reported stress and tearfulness she "generally declined counseling and denied suicidal or homicidal ideation or sleep disturbance [ ]." Despite Plaintiff's claims to the contrary, the ALJ noted that "[v]arious physicians have noted that the claimant retains the ability to handle her own finances and to carry out simple instructions [ ]. Notably, mental status exams show her to be oriented and in no acute distress even when exhibiting depression [ ]. The ALJ found a "longitudinal review of the claimant's treatment history demonstrates sporadic and conservative treatment."

(ECF No. 14 at 29-30 (internal citations omitted).) The Magistrate Judge then noted that the ALJ cited to Plaintiff's activities of daily living and the fact that there was some indication from the records that Plaintiff quit her job due to a legal custody battle and not due to her health conditions, further casting doubt on the reliability of her complaints. Ultimately, the Magistrate Judge found that the ALJ considered the relevant factors in weighing Plaintiff's credibility and that substantial evidence supports the ALJ's decision.

Lastly, the Magistrate Judge rejected Plaintiff's argument that the ALJ's decision should be reversed because the ALJ never discussed the testimony of Plaintiff's mother. The Magistrate Judge found the ALJ's failure to discuss the testimony of Plaintiff's mother to be a harmless error because the testimony at issue was duplicative of information already provided by Plaintiff, and there is no indication that the ALJ would have reached any different conclusion based on any additional evaluation of the testimony of Plaintiff's mother.

Plaintiff filed written objections to the Magistrate Judge's Report wherein she states that in making her initial five allegations of error "Plaintiff's basic argument is that [the] ALJ failed to recognize Plaintiff's significant limitations with respect to concentration,

persistence, and pace as a result of her pain and/or psychopharmacology." (ECF No. 16 at 1.) Plaintiff states that although it was appropriate for the Magistrate Judge to consider each of Plaintiff's individual arguments, "the Magistrate Judge did not address how these errors fit together in the context of Claimant's ability to perform full-time work." (*Id.* at 2.) In other words, Plaintiff asserts that her arguments, when taken as a whole, support her contention that she has greater concentration limitations than the ALJ found. Plaintiff claims that her mother's testimony that Plaintiff was losing her memory and her ability to take care of her household is supported by the opinion of Dr. Motycka that Plaintiff's drugs were causing her fatigue and somnolence. Plaintiff also reiterates her claim that the ALJ erred in finding her testimony not fully credible, arguing that her testimony is consistent with the medical opinions of the consultative examiner and her treating psychiatrist.

After a thorough review of the record as a whole, the Court finds Plaintiff's objections without merit. For the most part, Plaintiff simply reiterates claims she raised in her brief that the Magistrate Judge specifically and appropriately rejected. Moreover, with respect to her claim that the Magistrate Judge failed to address how Plaintiff's allegations fit together, the Court disagrees. Although the Magistrate Judge evaluated each of Plaintiff's allegations individually, which Plaintiff admits was appropriate, it is also clear from the Magistrate Judge's decision that Plaintiff's allegations relate to one another, as Plaintiff ultimately contends that the ALJ should have included additional functional limitations based on, *inter alia*, the opinions of certain medical sources, Plaintiff's subjective complaints, and her mother's testimony, all of which evidence Plaintiff argues the ALJ should have weighed differently. However, the Court ultimately agrees with the Magistrate Judge that the ALJ clearly described Plaintiff's symptoms and impairments, both as

9

testified to by Plaintiff and as set forth by the medical evidence, and discussed their impact on Plaintiff's functional abilities. The Court also agrees with the Magistrate Judge that the ALJ set forth a detailed explanation of his RFC findings based on the evidence of record and adequately explained which evidence the ALJ found credible and the weight given to the evidence.[3] As the Magistrate Judge noted, an ALJ assesses a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(a)(4).[4] An ALJ can

---

[3] With respect to Plaintiff's credibility, Social Security Ruling 96-7p provides:

It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his claim, and in order to ensure a well-reasoned determination or decision.

SSR 96-7p. In evaluating a claimant's subjective complaints, the Social Security Regulations direct the Commissioner to consider the following factors:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

[4] Social Security Ruling 96-8p provides:

The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The

give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-cv-801, 2014 WL 3547387, at *4 n. 7 (M.D.N.C. July 17, 2014). "'[A] necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). At bottom, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Here, the Court has no difficulty determining that the ALJ built an accurate and logical bridge from the evidence to his conclusion, and contrary to what Plaintiff would have this Court do, it is simply not this Court's job to re-weigh conflicting evidence or make credibility determinations. *See Mastro,* 270 F.3d at 176 (noting that a reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency in assessing whether substantial evidence supports a decision); *Colvard v. Chater*, 59 F.3d 165, *2 (4th Cir. 1995) ("The determination of a claimant's residual functioning capacity lies with the ALJ, not a physician, and is based upon all relevant evidence.") (citing 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946). For the reasons set forth by the Magistrate Judge in her Report, the Court wholly agrees that the ALJ properly considered the opinion of Dr. Motycka; that the ALJ did

---

adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p.

not err in his analysis of Plaintiff's obesity; that the ALJ gave valid reasons for giving "some" or "little" weight to the checkbox opinions of Drs. Boyd and Peele; that the ALJ adequately explained instances where Plaintiff's subjective complaints were inconsistent with the objective evidence and considered the relevant factors in evaluating Plaintiff's credibility; and that the ALJ's failure to discuss the testimony of Plaintiff's mother is harmless because there is no indication that the ALJ's failure to discuss this testimony in any way impacted the outcome of this case. As the Magistrate Judge determined:

> In his decision the ALJ took into account the medical evidence, Plaintiff's impairments and subjective complaints, and her activities of daily living and determined she is capable of doing a range of light work. The undersigned has reviewed the record as a whole and concludes that the ALJ considered the evidence and made a supportable choice in determining Plaintiff was not under a disability. Although Plaintiff may disagree with the determinations made by the ALJ, the court's role is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. [ ] Substantial evidence supports the ALJ's determination that Plaintiff is not disabled and the undersigned recommends a finding that the ALJ reached a rational conclusion that was supported by substantial evidence in the case record.

(ECF No. 14 at 33-34.) Because the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision, and because the Court finds Plaintiff's objections without merit, the Court affirms the Commissioner's final decision denying benefits.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby

12

**ORDERED** that the Magistrate Judge's Report (ECF No. 14) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 16) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce H. Hendricks  
United States District Judge

March 19, 2018  
Charleston, South Carolina